**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| DR. DAVID SAUL MORA & DEBORAH KYM MORA, *Plaintiffs*, v. LOWE'S COMPANIES, INC. & LOWE'S HOME CENTERS, LLC *Defendants*. | CIVIL ACTION NO: 5:19-cv-00107 JURY TRIAL DEMANDED |

**PLAINTIFFS' DR. DAVID SAUL MORA & DEBORAH KYM MORA'S
SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiffs, David Saul Mora, O.D. Ph.D. F.C.S.O. and Deborah Kym Mora, and files this their *Plaintiffs' Second Amended Complaint* against Defendants Lowe's Companies, Inc., and Lowe's Home Centers, LLC (collectively "Lowe's" or "Defendants") and for just cause, would respectfully show unto the Court as follows to-wit:

**I.
INTRODUCTION**

Plaintiffs Dr. David Saul Mora and Deborah Kym Mora are natural persons who own a home located at 2120 Musser St., Laredo, Texas 78043. The home is the Mora's primary marital residence. In 2018, Dr. Mora and Mrs. Mora determined their home was in need of repairs and improvements, so they began to search for a local contractor to perform services and provide goods needed in relation to such work. The Mora's, after speaking to Lowe's agents, representatives, and employees, decided to hire Lowe's for the repairs and improvements they sought for their home. Because the Mora home remodeling project would also require the installation of fixtures and

1

appliances, the Mora's, after speaking to Lowe's agents, representatives, and employees, also decided that they would order all materials, goods, and fixtures from Lowe's. Lowe's directed the construction, repair, and installation services by various subcontractors on the Mora home. The renovation of the Mora's home quickly ran into trouble due to Lowe's false, misleading, and deceptive business practices and unconscionable acts which caused financial injury to Plaintiffs.

## II.
## PARTIES

1. Plaintiff, Dr. David Saul Mora is a natural person and resident of Webb County, Texas who owns the home located at 2120 Musser St., Laredo, Texas 78043 and who paid Defendants for renovation services and materials.

2. Plaintiff, Deborah Kym Mora is a natural person and resident of Webb County, Texas who owns the home located at 2120 Musser St, Laredo, Texas 78043 and who paid Defendant for renovation services and materials.

3. Defendant, Lowe's Companies, Inc., is a foreign corporation which conducts business in the state of Texas, including by maintaining and operating a store in Laredo, Webb County, Texas.

4. Defendant, Lowe's Home Centers, LLC is a foreign limited liability company which conducts business in the state of Texas, including by maintaining and operating a store in Laredo, Webb County, Texas. Citation is hereby requested and may be issued by serving Lowe's Home Centers, LLC's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218; or via their attorneys of record Kevin P. Riley and Andrew Mihalick.

III.
JURISDICTION AND VENUE

5.     This case has been removed to the Southern District of Texas based on diversity jurisdiction. Venue is proper in the Laredo Division because all of a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Webb County, Texas.

IV.
FACTUAL BACKGROUND

6.     Dr. Mora and Mrs. Mora's home and primary residence is located in Laredo, Webb County, Texas at 2120 Musser St., Laredo, Texas 78043. In 2018, Dr. Mora and Mrs. Mora determined their home was in need of repairs and improvements, so they began to search for a local contractor to perform renovation services and provide goods needed in relation to such work.

7.     During the summer of 2018, Dr. Mora and Mrs. Mora visited their local Lowe's hardware store, located at 6623 San Dario Avenue in Laredo, Webb County, Texas 78041. During that visit, Dr. Mora and Mrs. Mora discussed the renovation work they wanted done to their home with on-site Lowe's representatives, agents and employees. These Lowe's representatives, agents and employees quickly informed Dr. Mora and Mrs. Mora about certain home renovation services and related goods being offered and sold by Lowe's, namely Lowe's Project Services. Dr. Mora and Mrs. Mora were warranted and promised that that they would be purchasing and receiving work performed by highly skilled and competent Lowe's agents in good, workmanlike, and timely fashion and that all work would remain subject to Dr. Mora and Mrs. Mora's ultimate approval.

8.     Specifically, Dr. Mora and Mrs. Mora informed Lowe's and its employees and agents that they were interested in renovating a small part of their home, mainly their kitchen and one particular bathroom. Lowe's employees suggested and recommended that Dr. Mora and Mrs. Mora purchase the goods and services directly from Lowe's warranted under Lowe's Project Services.

3

Lowe's representatives detailed a wide array of services purportedly provided by Lowe's Project Services, including kitchen installation services for appliances, cabinets, countertops, floors, backsplashes and more. Lowe's employees also explained specific services for bathroom installation offered under the Lowe's Project Services program and warranted to Dr. Mora and Mrs. Mora that qualified, professional contractors and service providers would solely be entrusted with the responsibility of performing all services at their home. Lowe's further warranted that all such contractors and service providers had the competence, skill, experience, and capability to carry out Dr. Mora and Mrs. Mora's home renovation project with the highest standard of quality available.

9. Lowe's warranted and represented that by purchasing the Lowe's Project Services, Dr. Mora and Mrs. Mora would be in control of customizing their home, promptly, and in a manner that met with their specific approval. Further, Lowe's represented that since they would be purchasing products and services directly form Lowe's, all goods and services would be available and delivered in an expedited fashion because of its purported relationship with its vendors and its readily available access to goods and services from its nationwide network stores offering the same services and goods.

10. Lowe's, on several occasions, warranted and assured Dr. Mora and Mrs. Mora that Lowe's Project Services would benefit them and their property because the project would be completed on-time by Lowe's qualified contractors, and that Dr. Mora and Mrs. Mora would be able to personally customize their home and select the exact materials per their own selected specifications.

11. Lowe's representatives, agents, and employees carefully detailed and explained various benefits they claimed were offered by the Lowe's Project Services program and strongly sought to

persuade Dr. Mora and Mrs. Mora to purchase the goods and services being offered under the Lowe's Project Services, which were repeatedly warranted as the highest standard of quality with respect to available services and goods.

12. Lowe's also represented and warranted that it would complete all work at Dr. Mora and Mrs. Mora's home in approximately three months' time. More specifically, Lowe's represented and warranted that the renovation would be complete before November 22, 2018 (i.e. Thanksgiving).

13. Dr. Mora and Mrs. Mora relied on this and other representations by Lowe's and ultimately decided to purchase the goods and services offered by Lowe's under its Lowe's Project Services program.

14. Dr. Mora and Mrs. Mora were warranted and assured by Lowe's representatives, employees, and contractors that Lowe's would maintain a full crew of workers on their home renovation work, during working hours, until it was successfully completed — which Lowe's warranted, represented and promised would be no later than Thanksgiving.

15. Lowe's charged Dr. Mora and Mrs. Mora over $315,000.00, in three installments, for the performance of services and the costs of goods under the Lowe's Project Services program, under which Lowe's warranted and promised Dr. Mora and Mrs. Mora's home renovation would be done in accordance with the highest standard of quality and would be completed no later than approximately three months' time, i.e., by November 2018.

16. However, despite promises of renovation in August 2018, Lowe's did not commence work on Dr. Mora and Mrs. Mora's home until well into October 2018. Beginning the renovation months behind schedule, Lowe's continued to represent and warrant that the renovation would be completed by the agreed upon November deadline.

17. Unfortunately for the Mora's, Thanksgiving came without completion of the promised renovation. The renovation work was not progressing on time and, despite Lowe's original representations, only a small work crew was made available to work on the home residence, further delaying the project.

18. Thereafter, Dr. Mora and Mrs. Mora notified Lowe's about their concerns with the project's slow pace, yet the situation did not change. Lowe's took no actions to speed up the project or ensure more timely deliveries of supplies, nor did it ensure that a full work crew was available to work at their residence. As a result of their unresolved concerns, Dr. Mora and Mrs. Mora's concerns went unresolved, so they requested a meeting with Lowe's employee Antonio Arriaga to discuss the small work crew, slow pace of the progress on the home, and other concerns with the status of their contracted for renovation. The meeting unfortunately produced no positive results with respect to the speed and professionalism of the renovation.

19. As of December 2018, Dr. Mora and Mrs. Mora did not have a functioning kitchen; their stove was non-usable and the refrigerator that Lowe's also provided was damaged, dented, and did not conform to the product that Lowe's warranted and represented would be delivered when purchased. During that time, Dr. Mora and Mrs. Mora also did not have a functioning washer and dryer. Lowe's contractors had actually uninstalled their existing washer and dryer and, instead of installing new appliances as warranted and promised, left the uninstalled washer and dryer in place. As a result, Dr. Mora and Mrs. Mora were forced to travel to a laundromat in order to have access to clean clothing. The Mora's home was left a mess and they were unable to utilize even the most basic functions of their home, causing them to be unable to host their children and family for any holiday gatherings.

20. Dr. Mora and Mrs. Mora conveyed their distress to Lowe's by and through its agents, representatives and employees on a number of occasions. In response to the Mora's complaints, Lowe's warranted that the work on Dr. Mora and Mrs. Mora's home would proceed at a faster pace and blamed the delay on the alleged negligence by a Lowe's representative who Lowe's claimed failed to properly enter an order on behalf of Dr. Mora and Mrs. Mora which caused certain items to not be received and further delay. Lowe's continued to assure Dr. Mora and Mrs. Mora that the work would be completed at a faster pace and that all materials had been properly ordered.

21. In January 2019, Dr. Mora and Mrs. Mora learned items, including the cabinets they purchased directly from Lowe's still had not arrived, despite being assured there would be no additional delays in obtaining supplies. Further, the work crew at the home remained the same small size which did not allow for the promised faster progress. Further, throughout Dr. Mora and Mrs. Mora's dealings with Lowe's, they have encountered various problems and issues with Lowe's services and goods, including that appliances and materials delivered were damaged and were not the make/model that the Mora's had ordered and paid. Replacing the incorrect and damaged items added additional delay to the renovation.

22. Additionally, despite being excessively charged more than $315,000.00 for this relatively small kitchen and bathroom home renovation project, Dr. Mora and Mrs. Mora were directly contacted by a subcontractor who requested additional payments from them because he claimed Lowe's had not provided his company with payment for the renovation which was further contributing to such delays.

23. From the time work officially began at Dr. Mora and Mrs. Mora's home in October 2018 through December 2018, a large trailer with trash was parked by Lowe's in front of Dr. Mora and Mrs. Mora's front yard. Given the circumstances of the renovation, it was unreasonable for Lowe's

7

to have allowed this situation to persist. The situation resulted in, among other things, Dr. Mora and Mrs. Mora's inability to access and use a considerable portion of their home residence, including their two garage doors which were effectively rendered useless because of Defendants. Defendants continued failure to deliver the goods and services it warranted and promised to Dr. Mora and Mrs. Mora forced them to forego scheduled plans, make special arrangements, miss work, sustain lost profits and compensation and make other accommodations as a result of Lowe's inability to complete the contracted work.

24. The actions and work performed by Lowe's, including the actions that resulted in rendering the garage doors non-functional, resulted in Dr. Mora and Mrs. Mora's residence being exposed and vulnerable to theft and vandalism. Additionally, Lowe's failed to ensure the safety of the Mora's home since a large part of the work remained undone for an extended period with electrical wires openly exposed and hanging from wall fixtures, unfinished wood molding and fixtures left undone, and other unfinished and/or nonconforming appliances, goods, and work. Defendants' actions and omissions in connection with this consumer home renovation project directly interfered with Dr. Mora and Mrs. Mora's reasonable expectation of privacy and use of their home and their other personal rights, including their rights as consumers under the DTPA.

25. Dr. Mora and Mrs. Mora relied on Defendants' expertise, professionalism, and reputation in the construction industry for the quick performance of their home renovation project, which was warranted by Defendants to require only a few weeks to complete. Dr. Mora and Mrs. Mora relied on this and other representations by Defendants to their detriment and were charged an excessive and unreasonable amount for such services and goods that do not justify the work or goods delivered in connection with their home renovation project.

26. The poor project management, quality of services rendered, and patent misrepresentations and fraud propagated by Lowe's and its employees and agents interfered with Dr. Mora and Mrs. Mora's right to privacy in their home, their ability to enjoy use of their home, affected their quality of life, and created an unnecessary nuisance. Additionally, Lowe's caused the Mora's injury, including foreseeable economic damages, mental anguish, legal expenses and other resulting costs.

27. Moreover, Dr. Mora and Mrs. Mora were forced to incur additional expenses in connection with this consumer transaction, including being forced to pay for a substitute performance for completion of the work Lowe's ultimately failed to do and other substitute performance (e.g., laundry services and food related expenses) which would not have been incurred but for Lowe's behavior in this consumer transaction. Additionally, Dr. Mora and Mrs. Mora were forced to retain the assistance of legal counsel after raising these and other concerns to Lowe's management.

28. Finally, Defendants and their legal counsel continued to make false representations to the Mora's by attempting to prevent them from filing this lawsuit to enforce their rights. Lowe's knowingly misrepresented the existence of a contractual arbitration provision which would have prevented the Mora's from filing suit; however, no such provision exists with respect to the Mora's agreement with Lowe's.

## V.
## CAUSES OF ACTION

A. <u>COUNT ONE: VIOLATIONS OF THE D.T.P.A.</u>

29. The Deceptive Trade Practices Act ("DTPA") was enacted to "protect consumers against, false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex. Bus. & Com. Code § 17.44. To this end, section 17.50(a) authorizes a "consumer" to maintain an action under the Act when there has been:

    1)    the use or employment by any person of a false, misleading, or deceptive act or practice that is:

        A. specifically enumerated in subdivision of Subsection (b) of Section 17.46 of this Subchapter; and

        B. relied on by a consumer to the consumer's detriment;

    2)    breach of an express or implied warranty;

    3)    any unconscionable action or course of action by any person; or

    4)    the use or employment by any person of an act or practice in violation of Chapter 541 of the Texas Insurance Code.

30. The Texas Legislature has mandated that the DTPA be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty." Tex. Bus. & Com. Code § 17.44.

31. The DTPA provides that each consumer who prevails may obtain economic damages and, in an appropriate case, damages for mental anguish and additional damages of not more than three times the damages awarded.

32. Here, Defendants knowingly and intentionally violated the DTPA. Dr. Mora and Mrs. Mora are individuals who sought and purchased a service, i.e., the purchase of appliances and materials and completion of home renovation services. Therefore, Dr. Mora and Mrs. Mora are by definition "consumers" and, as such, are a proper party to bring this lawsuit.

33. Lowe's is responsible for making intentional misrepresentations regarding the character and status of the services it offered the Mora's. Lowe's and its attorneys are also liable for knowingly and intentionally misrepresenting Dr. Mora and Mrs. Mora's respective rights including

by knowingly and intentionally making false representations that the Mora's rights were limited by an allegedly enforceable arbitration clause which Lowe's knew did not exist. Defendant Lowe's is liable for violations of the Texas Business and Commerce Code § 17.46, and Dr. Mora and Mrs. Mora relied upon Lowe's conduct and behavior in this consumer transaction as complained of herein, to their detriment.

34. Additionally, the actions of Lowe's are unconscionable, as they took advantage of Dr. Mora and Mrs. Mora's capacity as consumers to a grossly unfair degree. Tex. Bus. & Com. Code §17.50(a)(3).

35. Lowe's is also liable for breach of express warranty under the DTPA. Tex. Bus. & Com. Code §17.50(a)(2). Lowe's expressly warranted to Dr. Mora. and Mrs. Mora that it and its agents possessed the skill and knowledge to perform their duties in a good and workmanlike manner and within the agreed upon timeframe. However, the work performed did meet the specifications, standards, and timelines promised by Lowe's and constitutes, among other things, a breach of warranty by Lowe's.

36. The false, misleading or deceptive acts or practices and unconscionable action or course of action committed by Lowe's were the producing cause of Dr. Mora and Mrs. Mora's damages, including resulting mental anguish. Furthermore, Lowe's acted intentionally and knowingly, which entitles Dr. Mora and Mrs. Mora to recover additional damages not more than three times the damages awarded under Texas Business & Commerce Code Section 17.50(6)(1). Dr. Mora and Mrs. Mora are also entitled to recover reasonable and necessary attorney's fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

37. Dr. Mora and Mrs. Mora provided Lowe's with written notice under Texas Business & Commerce Code Section 17.505 and pray for relief to which they are entitled resulting from Lowe's violations of the Texas Deceptive Trade Practices Act.

B. COUNT TWO: FRAUD

38. Under Texas law, a plaintiff must establish the following to successfully maintain a cause of action for common law fraud: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (a) knew the representation was false; or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent that plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Aquaplex, Inc. v. Rancho La Valentin, Inn*, 297 S.W.3d 768, 774 (Tex. 2009); *In re International Profit Assocs.*, 274 S.W.3d 672, 678 (Tex. 2009).

39. Here, Lowe's is responsible for making a knowingly false representation to Dr. Mora and Mrs. Mora. Specifically, Lowe's misrepresented, among other things, the nature and character of the service that would be provided based on the contractor's competence and skill, and the time in which the underlying home renovation project would be completed. Lowe's also misrepresented the true nature of Dr. Mora and Mrs. Mora's respective legal rights after the transaction by falsely alleging that a binding arbitration clause precluded Lowe's from being sued in a court; as stated above, Lowe's and its attorneys just recently revealed that no such document exists or is in effect.

40. Lowe's misrepresentations were material and false. More importantly, the Mora's relied upon Lowe's misrepresentations, and misrepresentations induced them to enter into a contract with Lowe's for goods and services. Further, Lowe's also misrepresented Dr. Mora and Mrs. Mora's

12

rights and remedies in that consumer transaction by relying on a non-existent arbitration clause in an attempt to prevent the Mora's from exercising their legal rights.

41. Lowe's made these misrepresentations, knowing of their falsity, with the specific intent that they be acted upon. Unfortunately, Dr. Mora and Mrs. Mora did act on such representations and relied on Lowe's misrepresentations to their detriment. The Mora's have suffered damages as a direct result of Lowe's fraud.

### C. COUNT THREE: BREACH OF CONTRACT

42. In Texas, in order to succeed in an action for breach of contract, a litigant must plead and prove the following: (1) there is a valid enforceable contract; (2) the plaintiff is a proper party to sue for breach of contract; (3) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (4) the defendant breached the contract; and (5) the defendant's breach caused the plaintiff injury *Havorka v. Community Health Sys.,* 262 S.W.3d 503, 508-09 (Tex. App. — El Paso 2008, no pet.); *Zimiga v. Wooster Ladder Co.*, 119 S.W.3d 856, 862 (Tex. App. — San Antonio 2003, no pet); *Snyder v. Eanes I.S.D.*, 860 S.W.2d 692, 695 (Tex. App.— Austin 1993, writ denied).

43. Dr. Mora and Mrs. Mora entered into a valid and enforceable contract for services with Lowe's. Dr. Mora and Ms. Mora complied with their duties under the contract by timely tendering full payment for Lowe's services and goods. However, Lowe's breached the contract by failing to perform its agreed upon obligations under the contract in a good and workmanlike manner as negotiated, understood, and agreed to by the parties. The result of this breach of contract caused Dr. Mora and Mrs. Mora to sustain considerable economic damages, which are compensable at law and which they seek relief in this suit.

13

44.     Accordingly, Dr. Mora and Mrs. Mora respectfully request that this Honorable Court remedy Lowe's unexcused breach of contract by granting them any and all relief to which they are justly entitled under law and the principles of equity.

### D.  COUNT FOUR: NEGLIGENCE

45.     The acts and/or omissions of Lowe's also constitute negligence. The elements of a cause of action for negligence are the following: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused plaintiffs injuries. *Nabors Drilling, U.S.A., Inc v. Escoto,* 288 S.W.3d 401, 404 (Tex. 2009).

46.     Defendants had a duty to exercise adequate care while installing the kitchen appliances and other goods. Consequently, Defendants had a duty to install the appliances in an appropriate and timely fashion such that they would not become damaged in the process of installation. Defendants' failure to use adequate crews, failure to order the correct materials, and its failure to properly install the materials that Dr. Mora and Mrs. Mora purchased constitutes a breach of its duties. Defendants failed to carry out their duties and obligations under the agreement and such failure is the proximate cause of the delayed project timeline, damaged appliances, delivery of incorrect and nonconforming materials, and of Dr. Mora and Mrs. Mora's loss of privacy and safety. The consequences of Defendants' acts and/or omissions resulted in Dr. Mora and Mrs. Mora sustaining damages that were foreseeable and the proximate result of Lowe's breach of duty.

47.     Furthermore, Defendants' acts and/or omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to others, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Accordingly, Defendants are liable for exemplary damages.

14

48. For the foregoing reasons, Defendants are liable for the damages caused by its negligence and an order should be entered in favor of Dr. Mora and Mrs. Mora for all damages and injuries caused by Defendants' negligence.

## VI.
## ATTORNEY'S FEES

49. Dr. Mora and Mrs. Mora were compelled to retain the services of legal counsel to prosecute this action. In retaining counsel, Dr. Mora and Mrs. Mora have agreed to compensate their attorney with a reasonable, necessary, usual, and customary fee. Dr. Mora and Mrs. mora are entitled to the recovery of their attorney's fees in connection with the DTPA and breach of contract causes of action under Texas Business and Commerce Code§ 17.50(d) and Texas Civil Practice & Remedies Code §§38.002, 37.009, and as such Dr. Mora and Mrs. Mora request an award for the reasonable and necessary attorney's fees and expenses incurred in prosecuting this lawsuit and a conditional award of attorney's fees incurred for any appeal or appeals.

## VII.
## CONDITIONS PRECEDENT

50. All conditions precedent to Dr. Mora and Mrs. Mora's claims for relief have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dr. Mora and Mrs. Mora respectfully request that the Court issue citation for Lowe's Home Centers, LLC to appear, and that Dr. Mora and Mrs. Mora be awarded a judgment against Lowe's for the following:

  a) Actual damages;
  b) Exemplary damages;
  c) Pre-judgment and Post-judgment interest in the maximum amount allowed by law;

d) Court costs;

e) Attorney's fees; and

f) All other relief to which it is justly entitled.

Respectfully Submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Katherine Santmyer*
ROBERT FUENTES
Federal Bar No. 28591
SADI R. ANTONMATTEI-GOITIA
Federal Bar No. 3244833
KATHERINE SANTMYER
Federal Bar No. 3554138
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
Facsimile: (281) 378-7639
robert@fuentesfirm.com
sadi@fuentesfirm.com
katie@fuentesfirm.com
**ATTORNEYS FOR PLAINTIFFS
DR. DAVID SAUL MORA &
DEBORAH KYM MORA**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record by CM ECF on the 25th day of August, 2020.

*/s/ Katherine Santmyer*
Katherine Santmyer